**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER NIX, | No.  2:21-CV-0659-WBS-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JIM ROBINSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss, ECF No. 13.  Petitioner has not filed an opposition.[1]

/ / /

/ / /

/ / /

/ / /

---

[1]     Respondent's motion was filed on December 15, 2021.  See ECF No. 13.  As of February 15, 2022, Petitioner had not filed an opposition and the Court recommended Respondent's motion be granted as unopposed under Eastern District of California Local Rule 230(c), (l).  See ECF No. 15.  On April 22, 2022, the District Judge remanded the matter for further consideration in light of arguments raised in Petitioner's late-file objections.  See ECF No. 18.  On May 23, 2022, the Court provided Petitioner an opportunity to file an opposition brief within 30 days.  See ECF No. 19.  To date, Petitioner has not filed an opposition.  The Court will nonetheless consider the arguments raised in Petitioner's late-filed objections, as directed by the District Judge.

1

1

## I.  BACKGROUND

2          Petitioner filed his original petition on April 5, 2021, raising two claims.  See ECF

3   No. 1.  In this petition, Petitioner alleged: (1) the trial court failed to perform its function as a

4   "gate-keeper"; and (2) the evidence was insufficient to support the conviction.  See id. at 3-4.

5   Petitioner provides few, if any, supporting facts.  See id.  Petitioner names "The People" in his

6   petition.  See id. at 1.  On September 8, 2021, the Court dismissed the original petition with leave

7   to amend to name the correct respondent.  See ECF No. 5.

8          Petitioner timely complied and this action currently proceeds on Petitioner's first

9   amended petition raising four claims for relief.  See ECF No. 7.  In addition to the two claims

10   raised in the original petition, Petitioner alleges two new claims – claims three and four.  See id.

11   at 5.  In the new third claim, Petitioner contends: "The lying-in-wait enhancement finding violates

12   the 8th Amendment to the federal Constitution because it is over-inclusive."  Id.  In the new fourth

13   claim, Petitioner contends: "Under new California law, I can no longer be charged with or

14   sentenced for murder."  Id.  As with the original petition, none of the claims raised in the

15   amended petition is supported by meaningful reference to facts or evidence.  As to why Petitioner

16   is presenting new claims in the amended petition not raised in the original petition, Petitioner

17   addresses only the fourth claim, stating that he could not raise it before due to a recent change in

18   state law.  See id.

19          Petitioner states that he pursued claims one, two, and three through the California

20   Supreme Court on direct review.  See id. at 2.  Petitioner affirmatively states that he did not file

21   any state court post-conviction actions.  See id.

22

23                                      ## II.  DISCUSSION

24          Respondent argues that Petitioner's third and fourth claims must be dismissed

25   because they were filed beyond the one-year statue of limitations.  See ECF No. 13.  Respondent

26   also argues the fourth claim should be dismissed because it is unexhausted.  See id.  Respondent

27   does not raise any procedural challenge to the first and second claims.

28   / / /

2

1    **A.    Statute of Limitations**

2            Federal habeas corpus petitions must be filed within one year from the later of: (1)

3    the date the state court judgment became final; (2) the date on which an impediment to filing

4    created by state action is removed; (3) the date on which a constitutional right is newly-

5    recognized and made retroactive on collateral review; or (4) the date on which the factual

6    predicate of the claim could have been discovered through the exercise of due diligence.  See 28

7    U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

8    judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

9    review.  See 28 U.S.C. § 2244(d)(1).

10           Where a petition for review by the California Supreme Court is filed and no

11   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

12   begins running the day after expiration of the 90-day time within which to seek review by the

13   United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

14   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

15   limitations period begins to run the day after certiorari is denied or the Court issued a merits

16   decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

17   review by the California Supreme Court is filed, the conviction becomes final 40 days following

18   the Court of Appeal's decision, and the limitations period begins running the following day.  See

19   Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

20   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

21   limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the

22   conviction became final before April 24, 1996 – the effective date of the statute of limitations –

23   the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v.

24   Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

25           The limitations period is tolled, however, for the time a properly filed application

26   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

27   "properly filed," the application must be authorized by, and in compliance with, state law.  See

28   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

As to commencement of the limitations period and statutory tolling, Respondent contends:

> On September 27, 2019, the California Court of Appeal affirmed the judgment. (Lod. Doc. 2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on January 2, 2020. (Lod. Docs. 3-4.) The time to seek direct review ended on April 1, 2020, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period commenced running the following day—April 2, 2020. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on April 1, 2021. Petitioner, however, filed his amended federal petition six months later on October 18, 2021.

4

1

\* \* \*

2          The proper filing of a state post-conviction application with respect
to the pertinent judgment or claim tolls the one-year limitations period. 28
3     U.S.C. § 2244(d)(2). Here, Petitioner did not file any state post-conviction
collateral challenges.
4
          ECF No. 13, pgs. 2-3.
5

6          The Court agrees and adopts Respondent's timeline.  In support of his motion to

7     dismiss, Respondent has lodged relevant state court records.  See ECF No. 14.  These records

8     reflect that the California Court of Appeal affirmed the judgment and conviction on September

9     27, 2019.  See ECF No. 14-2.  The records further reflect that the California Supreme Court

10    denied review of January 2, 2020.  See ECF No. 14-4.  Petitioner did not seek certiorari in the

11    United States Supreme Court, and the time to do so expired on April 1, 2020 – 90 days after the

12    California Supreme Court's decision on direct review.  The one-year limitations period began to

13    run the following day and expired on April 1, 2021.

14          This matter originated in the Ninth Circuit Court of Appeals with a habeas petition

15    filed in that court.  The appellate court transferred the matter to this Court on April 12, 2022, with

16    instruction that the petition be deemed filed as of March 31, 2021.  See ECF No. 1.  Thus, if the

17    amended petition relates back in time to the filing of the original petition in the appellate court,

18    the amended petition would be timely.

19          Respondent argues that the amended petition does not relate back.  See ECF No.

20    13, pgs. 3-4.  According to Respondent:

21          In the original federal petition, Petitioner raised the first two claims—
the trial court failed to perform its role as "gate-keeper;" and (2) insufficient
22    evidence. (Dkt. 1.) Petitioner filed a first amended petition, again raising the
first two claims but adding two new claims–the lying in wait enhancement
23    violates the Eighth Amendment and the murder conviction can no longer
stand under California law (claims three and four). (Dkt. 7.)
24          Because the two new claims (claims three and four) in the amended
petition do not rely on the same core of operative facts as the claims in the
25    original petition, and the new claims are based on completely different legal
theories, they do not relate back under Fed. R. Civ. P. 15(c)(1)(B). See Mayle
26    v. Felix, 545 U.S. at 664; see also Hebner v. McGrath, 543 F.3d 1133, 1137
(9th Cir. 2008).
27
          ECF No. 13, pgs. 3-4.
28

5

Under Federal Rule of Civil Procedure 15(c)(2), which is applicable in habeas proceedings, amendments made after the statute of limitations has run relate back to the date the original pleading was filed if the original and amended pleadings arise out of the same conduct, transaction, or occurrence.  See Mayle v. Felix, 545 U.S. 644, 656 (2005).  An amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original petition set forth.  See id. at 650.   Relation back requires a common core of operative facts uniting the original and new claims.  See id. at 659.

In the habeas context, the Ninth Circuit held that the words "same conduct, transaction, or occurrence" meant that an amended habeas petition would relate back so long as any new claim stems from the petitioner's trial, conviction, or sentence.  See id. at 656-67.  The Supreme Court noted that, under this formulation, ". . . virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence. . . ."  Id. at 657.  The majority of circuits have adopted a narrower rule in light of AEDPA's one-year statute of limitations.  See id.  The narrow rule allows relation back only when ". . .the claims added by amendment arise from the same core facts as the timely claims and not when the new claims depend upon events separate in 'both time and type'" from the originally raised claims.  Id.  In determining whether the amended claim and original claim arose from a common core of operative facts, the Supreme Court in Mayle compared the facts required to answer the dispositive questions presented as to each claim.  See id. at 661.

Respondent's motion is devoid of any particularized analysis as to the third and fourth claims, and this Court is not inclined to agree with Respondent's conclusion.  Contrary to Respondent's conclusory analysis, Petitioner's third and fourth claims arise from the same operative facts; the conviction at issue in the first and second claims.  Claim three challenges a sentence enhancement and claim four challenges the overall conviction and sentence.  Both arise from the same state court criminal proceedings, conviction, and sentence.

The Court finds that the amended petition relates back in time to the filing of the original petition and is, therefore, timely as to all claims raised.

1

     **B.**    <u>**Exhaustion**</u>

2          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

3 before claims can be granted by the federal court in a habeas corpus case.  <u>See</u> <u>Rose v. Lundy</u>,

4 455 U.S. 509 (1982); <u>see also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003); <u>Hunt v. Pliler</u>,

5 336 F.3d 839 (9th Cir. 2003).[2]  The exhaustion doctrine is based on a policy of federal and state

6 comity, designed to give state courts the initial opportunity to correct alleged constitutional

7 deprivations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>see also</u> <u>Rose</u>, 455 U.S. at 518.

8 "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

9 state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the

10 time the petitioner filed the habeas petition in federal court no state remedies are available to the

11 petitioner and the petitioner has not deliberately by-passed the state remedies."  <u>Batchelor v.</u>

12 <u>Cupp</u> , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional

13 requirement and the court may raise the issue sua sponte.  <u>See</u> <u>Simmons v. Blodgett</u>, 110 F.3d 39,

14 41 (9th Cir. 1997).

15          Regardless of whether the claim was raised on direct appeal or in a post-conviction

16 proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's

17 highest court.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346 (1989).  Although the exhaustion doctrine

18 requires only the presentation of each federal claim to the highest state court, the claims must be

19 presented in a posture that is acceptable under state procedural rules.  <u>See</u> <u>Sweet v. Cupp</u>, 640

20 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by

21 the state courts on procedural grounds, where other state remedies are still available, does not

22 exhaust the petitioner's state remedies.  <u>See</u> <u>Pitchess v. Davis</u>, 421 U.S. 482, 488 (1979); <u>Sweet</u>,

23 640 F.2d at 237-89.

24          Respondent argues that claim four raised in the amended petition is unexhausted.

25 Petitioner concedes the point, admitting in the amended petition that he did not present the claim

26 to the California Supreme Court.  The first amended petition thus contains both exhausted claims

27 _____

28      [2]    Claims may be denied on the merits notwithstanding lack of exhaustion.  <u>See</u> 28 U.S.C. § 2254(b)(2).

1   (claims one, two, and three) and an unexhausted claim (claim four).

2          When faced with petitions containing both exhausted and unexhausted claim

3   (mixed petitions), the Ninth Circuit held in <u>Ford v. Hubbard</u> that the district court is required to

4   give two specific warnings to pro se petitioners:  (1) the court  could only consider a stay-and-

5   abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the

6   unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he

7   opted to dismiss the entire petition to exhaust unexhausted claims.  <u>See</u> 330 F.3d 1086, 1099 (9th

8   Cir. 2003).  However, the Supreme Court held in <u>Pliler v. Ford</u> that the district court is not

9   required to give these particular warnings.  <u>See</u> 542 U.S. 225, 234 (2004).[3]  Furthermore, the

10  district court is not required to sua sponte consider stay and abeyance in the absence of a request

11  from the petitioner, <u>see</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the

12  petitioner that stay and abeyance may be available, <u>see</u> <u>Brambles v. Duncan</u>, 412 F.3d 1066,

13  1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district

14  court should dismiss mixed petitions and need not provide any specific warnings before doing so.

15  <u>See</u> <u>Robbins</u>, 481 F.3d at 1147 (citing <u>Rose</u>, 455 U.S. at 510 (holding that the petitioner has the

16  "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas

17  petition to present only exhausted claims to the district court")).

18         As instructed by the District Judge, the undersigned has considered Petitioner's

19  objections to the original findings and recommendations.  In his objections, Petitioner argues the

20  merits of his various claims and does not address the procedural issues raised in Respondent's

21  motion.  <u>See</u> ECF No. 17.  In particular, Petitioner does not respond by way of a request for a

22  stay-and-abeyance order to allow for exhaustion of the fourth claim.  <u>See</u> <u>id.</u>  The lodged state

23  court records confirm that Petitioner did not present the fourth claim in his petition for direct

24  review filed in the California Supreme Court.  <u>See</u> ECF No. 14-3.  Because claim four has never

25  _____

26  [3]     The Supreme Court did not address the propriety of Ninth Circuit's three-step
    stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original
27  petition, stay of the remaining claims pending exhaustion, and amendment of the original petition
    to add newly exhausted claims that then relate back to the original petition.  <u>See</u> <u>Pliler</u>, 542 U.S.
28  at 230-31 (citing <u>Calderon v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986-88 (9th Cir.
    1998)).

1   been presented to the California Supreme Court, it is unexhausted and must be dismissed.

2          The Court declines to recommend dismissal of the entire petition because it is

3   mixed and one claim of four is unexhausted.  Rather, the Court will recommend dismissal of

4   claim four only.  The Court will further recommend that Respondent be directed to answer claims

5   one, two, and three on the merits.

6

7                              **III.  CONCLUSION**

8          Based on the foregoing, the undersigned recommends that:

9          1.      Respondent's motion to dismiss, ECF No. 13, be granted in part;

10         2.      Petitioner's fourth claim be dismissed as unexhausted; and

11         3.      Respondent be directed to file an answer to the first amended petition as to

12  the first, second, and third claims.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15  after being served with these findings and recommendations, any party may file written objections

16  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

17  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

18  Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20  Dated:  September 12, 2022

21                                      _____
                                        DENNIS M. COTA
22                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28