IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NIX,<br><br>              Petitioner,<br><br>       v.<br><br>JIM ROBINSON,<br><br>              Respondent. | No.  2:21-CV-0659-WBS-DMC-P<br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's Motion to Dismiss, ECF No. 13.  Petitioner has not filed an opposition to the Motion to Dismiss.[1]  The Court previously addressed Respondent's Motion in findings and recommendations filed at ECF No. 20.  The Court now issues these amended findings and recommendations to address Respondent's objections filed at ECF No. 21.

/ / /

---

[1] Respondent's motion was filed on December 15, 2021.  See ECF No. 13.  As of February 15, 2022, Petitioner had not filed an opposition and the Court recommended Respondent's motion be granted as unopposed under Eastern District of California Local Rule 230(c), (l).  See ECF No. 15.  On April 22, 2022, the District Judge remanded the matter for further consideration in light of arguments raised in Petitioner's late-file objections.  See ECF No. 18.  On May 23, 2022, the Court provided Petitioner an opportunity to file an opposition brief within 30 days.  See ECF No. 19.  To date, Petitioner has not filed an opposition.  The Court will nonetheless consider the arguments raised in Petitioner's late-filed objections, as directed by the District Judge.

1

## I. BACKGROUND

Petitioner filed his original petition on April 5, 2021, raising two claims. See ECF No. 1. In this petition, Petitioner alleged: (1) the trial court failed to perform its function as a "gate-keeper"; and (2) the evidence was insufficient to support the conviction. See id. at 3-4. Petitioner provides few, if any, supporting facts. See id. Petitioner names "The People" in his petition. See id. at 1. On September 8, 2021, the Court dismissed the original petition with leave to amend to name the correct respondent. See ECF No. 5.

Petitioner timely complied and this action currently proceeds on Petitioner's first amended petition raising four claims for relief. See ECF No. 7. In addition to the two claims raised in the original petition, Petitioner alleges two new claims – claims three and four. See id. at 5. In the new third claim, Petitioner contends: "The lying-in-wait enhancement finding violates the 8th Amendment to the federal Constitution because it is over-inclusive." Id. In the new fourth claim, Petitioner contends: "Under new California law, I can no longer be charged with or sentenced for murder." Id. As with the original petition, none of the claims raised in the amended petition is supported by meaningful reference to facts or evidence. As to why Petitioner is presenting new claims in the amended petition not raised in the original petition, Petitioner addresses only the fourth claim, stating that he could not raise it before due to a recent change in state law. See id.

Petitioner states that he pursued claims one, two, and three through the California Supreme Court on direct review. See id. at 2. Petitioner affirmatively states that he did not file any state court post-conviction actions. See id.

## II. DISCUSSION

Respondent argues that Petitioner's third and fourth claims must be dismissed because they were filed beyond the one-year statue of limitations. See ECF No. 13. Respondent also argues the fourth claim should be dismissed because it is unexhausted. See id. Respondent does not raise any procedural challenge to the first and second claims.

///

A. **Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

As to commencement of the limitations period and statutory tolling, Respondent contends:

> On September 27, 2019, the California Court of Appeal affirmed the judgment. (Lod. Doc. 2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on January 2, 2020. (Lod. Docs. 3-4.) The time to seek direct review ended on April 1, 2020, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period commenced running the following day—April 2, 2020. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on April 1, 2021. Petitioner, however, filed his amended federal petition six months later on October 18, 2021.

* * *

   The proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2). Here, Petitioner did not file any state post-conviction collateral challenges.

ECF No. 13, pgs. 2-3.

   The Court agrees and adopts Respondent's timeline. In support of his motion to dismiss, Respondent has lodged relevant state court records. See ECF No. 14. These records reflect that the California Court of Appeal affirmed the judgment and conviction on September 27, 2019. See ECF No. 14-2. The records further reflect that the California Supreme Court denied review of January 2, 2020. See ECF No. 14-4. Petitioner did not seek certiorari in the United States Supreme Court, and the time to do so expired on April 1, 2020 – 90 days after the California Supreme Court's decision on direct review. The one-year limitations period began to run the following day and expired on April 1, 2021.

   This matter originated in the Ninth Circuit Court of Appeals with a habeas petition filed in that court. The appellate court transferred the matter to this Court on April 12, 2022, with instruction that the petition be deemed filed as of March 31, 2021. See ECF No. 1. Thus, if the amended petition relates back in time to the filing of the original petition in the appellate court, the amended petition would be timely as to the new claims.

   Respondent argues that the amended petition does not relate back. See ECF No. 13, pgs. 3-4. According to Respondent:

>   In the original federal petition, Petitioner raised the first two claims—the trial court failed to perform its role as "gate-keeper;" and (2) insufficient evidence. (Dkt. 1.) Petitioner filed a first amended petition, again raising the first two claims but adding two new claims–the lying in wait enhancement violates the Eighth Amendment and the murder conviction can no longer stand under California law (claims three and four). (Dkt. 7.)
>   Because the two new claims (claims three and four) in the amended petition do not rely on the same core of operative facts as the claims in the original petition, and the new claims are based on completely different legal theories, they do not relate back under Fed. R. Civ. P. 15(c)(1)(B). See *Mayle v. Felix*, 545 U.S. at 664; see also *Hebner v. McGrath*, 543 F.3d 1133, 1137 (9th Cir. 2008).

ECF No. 13, pgs. 3-4.

Under Federal Rule of Civil Procedure 15(c)(2), which is applicable in habeas proceedings, amendments made after the statute of limitations has run relate back to the date the original pleading was filed if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. See Mayle v. Felix, 545 U.S. 644, 656 (2005). An amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original petition set forth. See id. at 650. Relation back requires a common core of operative facts uniting the original and new claims. See id. at 659.

In the habeas context, the Ninth Circuit held that the words "same conduct, transaction, or occurrence" meant that an amended habeas petition would relate back so long as any new claim stems from the petitioner's trial, conviction, or sentence. See id. at 656-67. The Supreme Court noted that, under this formulation, ". . . virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence. . . ." Id. at 657. The majority of circuits have adopted a narrower rule in light of AEDPA's one-year statute of limitations. See id. The narrow rule allows relation back only when ". . .the claims added by amendment arise from the same core facts as the timely claims and not when the new claims depend upon events separate in 'both time and type'" from the originally raised claims. Id. In determining whether the amended claim and original claim arose from a common core of operative facts, the Supreme Court in Mayle compared the facts required to answer the dispositive questions presented as to each claim. See id. at 661.

In Respondent's objections to the prior findings and recommendations, Respondent contends that the undersigned cited the correct narrow standard but failed to apply it in evaluating whether the amended petition relates back. See ECF No. 21. In the prior findings and recommendations, the Court stated:

> Respondent's motion is devoid of any particularized analysis as to the third and fourth claims, and this Court is not inclined to agree with Respondent's conclusion. Contrary to Respondent's conclusory analysis, Petitioner's third and fourth claims arise from the same operate conviction as the first and second claims, which Respondent does not challenge on procedural grounds. Claim three challenges a sentence enhancement and claim four challenges the overall conviction

and sentence.  Both arise from the same state court criminal proceedings, conviction, and sentence.

ECF No. 20, pg. 6.

The Court continues to believe that Respondent's original motion is short on substantive analysis.  This observation likely explains why Respondent now offers a more specific analysis in the objections to the prior findings and recommendations which was not included in the original brief.  According to Respondent:

> Petitioner's new claims do not share the same operative facts as the original claims. The claims that the lying in waiting enhancement is unconstitutional (claim 3) and that Petitioner cannot be convicted of felony-murder under a new state law (claim 4), on their face, rely on different operating facts than the original claims that the trial court improperly admitted expert testimony and that the evidence was insufficient to support the lying in wait enhancement. The claims depend on different actors and different events both in time and type as well as different legal theories.

ECF No. 21, pg. 3.

This analysis is helpful to the Court and persuasive given the additional context it presents in terms of comparison of the facts underlying the new claims and the original claims. As Respondent now notes, the original claims both rely on the original trial record as it relates to expert testimony and the sufficiency of the evidence to support a lying in waiting enhancement. While the new claim 3 relates to the lying in waiting enhancement, the new claim argues it is unconstitutional and does not depend to the sufficiency of the evidence to establish the enhancement.  Likewise, the new claim 4 challenging the propriety of a felony-murder conviction based on a new state law does not rely on any of the facts upon which the original claims (one and two) rely.  For these reasons, the Court agrees with Respondent's more robust analysis that the new claims (three and four) do <u>not</u> relate back in time to the filing of the original petition and, as such, are indeed untimely.

///

///

///

///

### B. <u>Exhaustion</u>

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>see also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003); <u>Hunt v. Pliler</u>, 336 F.3d 839 (9th Cir. 2003).[2]  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>see also</u> <u>Rose</u>, 455 U.S. at 518.  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  <u>Batchelor v. Cupp</u> , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte.  <u>See</u> <u>Simmons v. Blodgett</u>, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  <u>See</u> <u>Sweet v. Cupp</u>, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  <u>See</u> <u>Pitchess v. Davis</u>, 421 U.S. 482, 488 (1979); <u>Sweet</u>, 640 F.2d at 237-89.

/ / /

/ / /

/ / /

---

[2] Claims may be denied on the merits notwithstanding lack of exhaustion.  <u>See</u> 28 U.S.C. § 2254(b)(2).

8

Respondent argues claim four raised in the amended petition is unexhausted. Petitioner concedes the point, admitting in the amended petition that he did not present the claim to the California Supreme Court. The first amended petition thus contains both exhausted claims (claims one, two, and three) and an unexhausted claim (claim four).

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004).[3] Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

In a prior filing, which the District Judge has instructed the undersigned to consider in the context of Respondent's motion, Petitioner argues the merits of his various claims and does not address the procedural issues raised in Respondent's motion. See ECF No. 17. In particular, Petitioner does not respond by way of a request for a stay-and-abeyance order to allow

---

[3] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

for exhaustion of the fourth claim.  See id.  The lodged state court records confirm that Petitioner did not present the fourth claim in his petition for direct review filed in the California Supreme Court.  See ECF No. 14-3.  Because claim four has never been presented to the California Supreme Court, it is unexhausted and must be dismissed.

In Respondent's objections, Respondent contends the Court should provide petitioner the option of dismissing the entire petition without prejudice pending exhaustion or elect to proceed on only the exhausted claims.  The Court declines to so recommend because, as discussed above, such a recommendation would be futile given the Court's determination that the new claims are untimely.  Moreover, Petitioner's failure to oppose Respondent's motion signals that he is interested in proceeding on the timely and exhausted claims (one and two).  Claims three and four should be dismissed as untimely.  Claim four should also be dismissed unexhausted.  Respondent should be directed to file an answer.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is hereby ORDERED that the prior findings and recommendations at ECF No. 20 are VACATED.

2. It is hereby RECOMMENDED that Respondent's motion to dismiss, ECF No. 13, be GRANTED.

3. It is hereby RECOMMENDED that Petitioners third and fourth claims be DISMISSED as untimely.

3. It is hereby RECOMMENDED that Petitioner's fourth claim also be DISMISSED as unexhausted.

/ / /

/ / /

/ / /

/ / /

/ / /

4.	It is hereby RECOMMENDED that Respondent be directed to file an answer to the first amended petition as to the first and second claims.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11